IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frank Wilson,<br><br>Plaintiff,<br><br>v.<br><br>CSX Transportation Inc.; John Doe 1, *individually and as an employee/agent of CSX Transportation Inc*., *CSX Corporation and CSX Railroad*; and John Doe 02, *individually and as an employee/agent of CSX Transportation Inc., CSX Corporation and CSX Railroad*,<br><br>Defendants. | C/A No. 4:25-cv-00196-JD<br><br>ORDER AND OPINION |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Molly H. Cherry (DE 44), entered pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Report recommends granting Defendants' Motion to Dismiss for Failure to Prosecute (DE 32) and dismissing the action pursuant to Federal Rule of Civil Procedure 41(b). No objections have been filed. For the reasons below, the Court adopts the Report and independently concludes that dismissal is appropriate.

**A. Background**

Plaintiff Frank Wilson, then represented by counsel, filed this negligence action in the Florence County Court of Common Pleas on December 4, 2024. Defendants removed the action on January 10, 2025. (DE 1.) After Plaintiff stipulated to dismissal with prejudice of CSX Corporation and CSX Railroad (DE 14), discovery proceeded against CSX Transportation Inc., and the remaining named Doe

defendants. The Court entered scheduling orders governing discovery and related pretrial proceedings. (DE 16, 19.)

Defendants served written discovery on September 4, 2025. Counsel for Plaintiff advised defense counsel in October and November 2025 that counsel could not reach Plaintiff, and the parties agreed to an extension of the discovery-response deadline. Counsel thereafter attempted to locate Plaintiff through additional communications and a private investigator, without success. (DE 32-1 through 32-4; DE 44 at 1–2.) On February 23, 2026, counsel moved to withdraw, representing that Plaintiff had ceased cooperating and had not responded to repeated efforts to contact him. (DE 20.) After requiring supplemental notice concerning the proposed withdrawal, the Court granted the motion on June 1, 2026, and advised that Plaintiff would proceed pro se unless substitute counsel appeared. (DE 21, 23, 25.)

Defendants filed their Rule 41(b) motion on June 2, 2026. (DE 32.) The first mailing of certain court documents and Defendants' motion used an incorrect street number. Upon identifying that error, the Magistrate Judge directed correction of the docket, re-mailing of court documents, and re-service of the motion at Plaintiff's recorded address, 1131 East Home Avenue, Hartsville, South Carolina. (DE 36–39.) The Magistrate Judge then issued a second order under *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), explaining the motion-to-dismiss process and advising that failure to respond adequately could result in the motion being granted and the case ending. (DE 40.) The response deadline was August 3, 2026. Plaintiff filed no response.

The corrected *Roseboro* order was mailed to the address of record but was returned as undeliverable. (DE 41, 43.) The Magistrate Judge issued the Report on August 14, 2026, and it was mailed to that same address on August 17, 2026. (DE 44, 45.) The mailing of the Report was likewise returned as undeliverable on September 15, 2026. (DE 47.) The re-mailed materials concerning withdrawal and the change in case administration were also returned. (DE 46.) The docket reflects no appearance by substitute counsel, response to the motion, objection to the Report, updated address, or other communication by Plaintiff since counsel's withdrawal. The Court does not infer actual receipt of the returned mail.

**B. Legal Standard**

A magistrate judge's recommendation has no presumptive weight, and responsibility for the final determination rests with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court reviews de novo those portions of a report to which specific objections are made. In the absence of such objections, the Court ordinarily need only satisfy itself that no clear error appears on the face of the record. *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). An objection raising discernible grounds for disagreement requires de novo review even if it repeats earlier arguments. *Elijah v. Dunbar*, 66 F.4th 454, 460–61 (4th Cir. 2023).

Although no objections were filed, the mailing of the Report to Plaintiff was returned as undeliverable. In these circumstances, the Court does not rely on an

asserted waiver of review or appellate rights based on Plaintiff's silence. Instead, the Court has independently reviewed the Report, the motion and supporting materials, the relevant docket entries, and the governing Rule 41(b) considerations.

**C. Discussion**

Federal Rule of Civil Procedure 41(b) authorizes dismissal when a plaintiff fails to prosecute or comply with the Federal Rules or a court order. Courts also possess inherent authority to dismiss an action for want of prosecution. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962). The Court considers "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019). These considerations are not a rigid four-part test, and the appropriate disposition depends on the circumstances of the particular case. *See Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). Because dismissal with prejudice is a severe sanction, the Court also considers whether dismissal without prejudice will adequately address Plaintiff's failure to prosecute.

The Report recommends dismissal under Rule 41(b) but does not expressly specify whether dismissal should be with or without prejudice. (DE 44 at 5.) Rule 41(b) provides that an involuntary dismissal ordinarily operates as an adjudication on the merits unless the dismissal order states otherwise. The Court agrees that this case should be dismissed but expressly determines, for the reasons explained below, that dismissal will be without prejudice. *See* Fed. R. Civ. P. 41(b).

**1. Personal responsibility**

The first consideration strongly favors dismissal. Plaintiff was represented when written discovery was served, yet his own counsel repeatedly reported an inability to contact him and ultimately employed a private investigator in an unsuccessful effort to locate him. (DE 20; DE 32-1 through 32-4.) After the withdrawal of counsel, Plaintiff was responsible for prosecuting his claims, remaining in communication with the Court, and maintaining a usable address of record. The record does not establish why Plaintiff became unreachable; the Court, therefore, does not presume that he actually received the returned mail or that his silence was a conscious response to those particular documents. That said, the documented pattern of disengagement began months before the mailing difficulties and has prevented further prosecution.

**2. Prejudice to Defendants**

The second consideration favors dismissal. Defendants served written discovery and agreed to extend the response deadline, yet Plaintiff's nonparticipation prevented them from obtaining information necessary to assess the factual basis of his allegations and prepare a defense. (DE 32 at 2–3; DE 32-5 at 4–5.) The resulting delay impeded discovery, expert disclosures, and mediation, and caused Defendants to incur expense while the claims remained pending. Although the record does not quantify that expense, the inability to obtain basic discovery responses constitutes meaningful prejudice.

**3. History of delay**

The third consideration favors dismissal. By October 2025, Plaintiff's counsel could not contact him; those efforts continued through February 2026 without success. Plaintiff did not participate in written discovery, resume prosecution after counsel withdrew in June 2026, respond to DE 32, or otherwise communicate with the Court. The prolonged inactivity spans several stages of litigation rather than a single missed deadline. The Court does not, however, find that Plaintiff deliberately evaded service of court papers.

**4. Less drastic sanctions and notice**

The fourth consideration warrants close attention. The Court attempted to notify Plaintiff of the pending motion and give Plaintiff an opportunity to respond. After identifying the incorrect street number, the Court directed re-service of the motion and re-mailed the relevant materials. (DE 36–41.) The corrected *Roseboro* order warned that failure to respond adequately could result in the motion being granted and the case ending; it did not expressly warn that dismissal would be with prejudice. (DE 40 at 1.) That mailing and the subsequent mailing of the Report were returned as undeliverable. (DE 43, 47.) The Court, therefore, does not presume that Plaintiff actually received either document or knowingly declined to respond to its warning. Although advance notice is not invariably required before dismissal for failure to prosecute, the uncertainty regarding notice bears on the appropriate sanction. *See Link*, 370 U.S. at 632–33; *Ballard*, 882 F.2d at 95–96.

The Court has considered additional time, another order to show cause, monetary sanctions, and dismissal without prejudice. Repeating a directive at the same address is unlikely to restore contact, given the returned mail and unsuccessful efforts by counsel and a private investigator to locate Plaintiff. A monetary sanction would not produce the missing discovery or permit the case to progress. Dismissal without prejudice terminates this stagnant action without an express merits adjudication. The Court recognizes, however, that the alleged injury occurred in January 2022 (DE 32-5 at 1) and that applicable limitations periods may substantially restrict or foreclose refiling. The Court has considered that practical consequence in selecting the sanction but does not decide any limitations, accrual, or tolling issue. Nothing in this Order extends or revives any limitations period.

Considering the circumstances as a whole, Plaintiff's prolonged failure to participate, the prejudice to Defendants, and the apparent ineffectiveness of further directives warrant dismissal under Rule 41(b). The Court also weighs the uncertainty that Plaintiff received the corrected *Roseboro* order or the Report, the absence of an express warning that dismissal would be with prejudice, and the potentially significant consequences of dismissal. On this record, the Court concludes that an expressly without-prejudice dismissal is the appropriate exercise of its discretion.

**D. Conclusion**

For these reasons, having independently reviewed the record and the Rule 41(b) considerations, the Court ADOPTS the Report and Recommendation (DE 44), as supplemented by the findings in this Order. Defendants' Motion to Dismiss for

Failure to Prosecute (DE 32) is GRANTED, and the claims remaining in this action are DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b). The Joint Motion to Amend the Rule 26(f) Report (DE 24) and any other pending motions are DENIED AS MOOT.

The Clerk of Court is DIRECTED to enter a separate judgment pursuant to Federal Rule of Civil Procedure 58, close this case, and mail a copy of this Order and the judgment to Plaintiff at his address of record.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 16, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are notified of the right to appeal this Order and the accompanying judgment. A notice of appeal must be filed within thirty (30) days after entry of judgment. Fed. R. App. P. 3, 4(a)(1)(A).